

# The Attorney General of Texas

March 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County
Dallas, Texas 75202

Opinion No. H-1145

Re: Compensation of former district
judges who are assigned to hear cases.

Dear Mr. Wade:

You have requested our opinion regarding the manner of compensation of a former district judge who is assigned to hear cases.

Prior to 1977, section 5a of article 200a, V.T.C.S., provided for the special assignment of retired district judges. The 65th Legislature added to the group available for assignment former district judges not yet retired, provided they meet certain requirements. You first inquire about the status of a former district judge who meets the tenure requirements for retirement but has not yet reached retirement age.

For purposes of article 200a, a "retired district judge" is one who has retired pursuant to article 6228b, V.T.C.S. If a former district judge is not fully eligible for retirement under the terms of that statute, he is clearly not a "retired district judge." So long as he fulfills the other requirements of section 5a of article 200a, we believe that such an individual occupies the status of "former district judge." See Attorney General Opinion H-1021 (1977).

You next ask what amount of compensation is to be paid by the state and what amount is to be paid by a county when a former district judge is assigned to a district court in that county. Article 200a provides:

> On certification of the presiding judge of the adminis-
> trative judicial district that a former district judge has
> rendered services under the provisions of this Act, the
> former district judge shall be paid, out of county funds
> and out of money appropriated by the legislature for
> such purpose, for services actually performed, the
> same amount of compensation, salary, and expenses

that the regular judge is entitled to receive from the county
and from the state for such services.

Section 5a. We believe it is clear that a former district judge assigned to a particular court should be paid, for each day of service, the daily salary of a regular district judge who serves on that court. The respective contributions of the state and county to his salary should be in the same proportion as in the case of a regular judge. See V.T.C.S. arts. 6813b, 6819a-25a; Attorney General Opinion H-123 (1973).

Your last question is whether the county must assume the entire burden of the judge's salary when state funds appropriated for that purpose have been depleted. Although article 200a states that a former district judge serving on assignment shall be paid "out of money appropriated by the legislature," the 65th Legislature failed to make a special appropriation for this purpose. Retired district judges who serve on special assignment are paid from the $57,000 appropriation under item 3, "Judiciary Section - Comptroller's Department":

. . .

| | For the Years Ending | |
|---|---|---|
| 3. Special District Judges' salaries and regular District Judges' expenses when holding court out of their district, including the per diem for judges temporarily assigned outside their Administrative Judicial Districts or counties pursuant to Senate Bill No. 349, Acts 1961, Fifty-seventh Legislature, Regular Session, estimated to be | August 31, 1978 | August 31, 1979 |
| | 57,000 | 57,000 |

General Appropriations Act, Acts 1977, 65th Leg., ch. 872, at 2719. The amount of this appropriation was not increased from the 1975-77 biennium, and it is apparent that the Legislature, in making it, did not consider the additional funds which would be required by the amendment to article 200a. Nevertheless, item 3 represents the only funds available to pay the state's portion of the salary of a former district judge serving on special assignment.

When this amount has been depleted, it is our opinion that a judge's only recourse for collection of the state's portion of his salary is a claim against the state. See V.T.C.S. arts. 4349, 4351b. It would be inequitable to require the county to assume the entire expense of one judge's salary, merely because of legislative oversight in providing adequate funding for a statutory amendment. Furthermore,

we do not believe that such a result can reasonably be harmonized with the language of article 200a, which clearly contemplates that the state and county will share this burden.  Accordingly, it is our view that a county is not required to assume the full expense of a former district judge's salary when state funds appropriated for that purpose have been depleted.

### SUMMARY

A person who meets the tenure requirements for retirement but has not yet reached retirement age is a "former district judge" rather than a "retired district judge" for purposes of article 200a, V.T.C.S.  The respective contributions of the state and county to the salary of a former district judge serving on special assignment should be in the same proportion as in the case of a regular judge.  A county is not required to assume the full burden of the salary of a former district judge serving on special assignment when state funds appropriated for that purpose have been depleted.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst